## THE D. C. FOGEL.

### HARPER v. THE D. C. FOGEL.

*(Circuit Court, E. D. Louisiana. January 4, 1890.)*

1. SEAMEN—EMPLOYMENT OF ASSISTANT BY ENGINEER.

On libel for wrongful discharge of an engineer by the master, it is immaterial that the chief engineer was to employ his assistants, as libelant must be regarded as employed with the consent of the master and owners, and as one of the crew.

2. SAME—DISCHARGE—NEGLECT OF DUTY.

Neglect of duty in not attending to his engine, and keeping up a high pressure of steam, in an emergency, is not shown, where it appears that the fault was in the fuel, and the exhaustive demands on the engine.

In Admiralty. Libel for damages. On appeal from district court.

*R. De Gray*, for libelant.

*J. W. Gurley, Jr.*, for claimant.

PARDEE, J. The questions involved in this case are mainly questions of fact. The evidence is conflicting. The district court found in favor of libelant. The weight of the evidence is in favor of such finding. The libelant was discharged after a quarrel and personal struggle between the libelant and the master, which was provoked by the master, and in the beginning of which, under the weight of the evidence, the

THE D. C. FOGEL.

libelant was without fault. He was discharged in the swamps along the Little Tallahachie river, 12 miles from any village, and miles distant from any habitation.

The first defense offered by the claimant is that the libelant was not in the employ of the boat; that there was a contract between the boat and the chief engineer by which, for a lump sum, the chief engineer was to employ his assistants; and that in fact the libelant was in the employ of the chief engineer. This defense is not good. It is immaterial whether the boat employed the libelant directly or indirectly. He was employed with the consent, if not at the instance, of the master and owners, and formed one of the crew of the boat. See Rev. St. U. S. § 4612; Curt. Merch. Seam. 5.

It is next claimed that the libelant was discharged for neglect of duty. The neglect of duty is alleged to have been in not attending to his engine, and in not obeying orders to keep up a high pressure of steam in an emergency with regard to the boat and its tow. The weight of the evidence is that through the exhaustive demands made upon the engine and boiler, and the poor character of fuel furnished, it was not the fault of the libelant that a greater pressure of steam was not kept up; and the finding on this issue must be in favor of libelant.

Lastly, it is contended that in the personal difficulty and struggle between the master and the libelant, preceding the libelant's discharge, which difficulty, it is claimed, was provoked by the libelant, the libelant, having the master down, and holding him in a position so that the master could make no resistance, cruelly, viciously, and unnecessarily bit out a piece of the master's nose, mutilating and marking him for life. It is alleged in the argument, and the court can well believe it, that the district court held that if this were true the libel should be dismissed. The evidence on this point, as it is now found in the record, is very conflicting, and leaves the impression on the mind that the charge is not proven.

The conclusion of the whole case is that the decree of the district court, finding for the libelant balance of his wages for the voyage, and for his board while awaiting employment, should be affirmed.